**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
 *dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (Bar No. 319508)
 *msincich@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOND,<br><br>             Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES; BRYAN HOEFLER; JESSE CORREA; SCOTT FORNACA; JONATHAN PEREZ; TONY CHANG; and DOES 5-10, inclusive,<br><br>             Defendants. | CASE No.: 2:22-cv-00098<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1.  42 U.S.C. § 1983 (Freedom of Assembly, Freedom of Speech, Retaliation)<br>2.  42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>3.  42 U.S.C. § 1983 (Unreasonable Search and Seizure – Denial of Medical Care)<br>4.  42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)<br>5.  42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>6.  42 U.S.C. § 1983 (Municipal Liability – Ratification)<br>7.  Battery<br>8.  Negligence<br>9.  Violation of the Bane Act<br><br>**DEMAND FOR JURY TRIAL** |

1

1

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff DAVID BOND for his Complaint against CITY OF LOS ANGELES; BRYAN HOEFLER; JESSE CORREA; SCOTT FORNACA; JONATHAN PEREZ; TONY CHANG; and DOES 1-10, inclusive and hereby alleges as follows:

## **INTRODUCTION**

1.   This civil rights action arises out of the use of excessive and unreasonable force against peaceful protestors, including PLAINTIFF, who gathered across the nation following the murder of George Floyd by Minneapolis Police Department officers.  Millions of people protested the use of excessive and unreasonable force, especially deadly force, of citizens, especially against minorities, by law enforcement officers and the municipalities' ratification of those uses of unreasonable force.  Over several days of peaceful protest, the Los Angeles Police Department ("LAPD") prevented thousands of people from exercising their Constitutional right to peacefully protest against police violence through the use of unreasonable and excessive force.

2.   LAPD officers, including the DEFENDANT officers, prevented PLAINTIFF'S freedom of assembly, freedom of speech and petition by indiscriminately firing less-lethal munitions into crowds of peaceful protestors.  So called "less-lethal" munitions, can cause serious bodily injury and death, especially when shot at the head, neck, spine, or groin.  One of these "less-lethal" munitions fired during this incident struck PLAINTIFF in the groin resulting in serious bodily injury.  The force used and the damaged caused is strong evidence that the LAPD training in the use of "less-lethal" weapons which are capable of causing serious bodily injury is wholly

inadequate and demonstrates the Defendant CITY'S deliberate indifference to the rights of the citizens of Los Angeles, including PLAINTIFF.

3.      Over the course of the last several decades, the Defendant CITY has been repeatedly sued for many of the same tactics challenged herein, including the excessive use of "less-lethal" weapons such as Tasers, batons, and kinetic energy munitions.  A jury has previously found that the training policies of the Defendant CITY regarding the use of less lethal weapons, there the Taser, were not adequate and that the Defendant CITY was deliberately indifferent to the known and obvious consequences of its failure to train its officers adequately.  *See Mears v. City of Los Angeles*, CV-15-08441-JAK (AJWx). Further, in January 2020, a unanimous jury found that officers' use of the .40mm launcher against a person armed with a knife to be excessive and unreasonable. *See L.D. et al. v. City of Los Angeles et al.*, Case No. 2:15-cv-04626-PSG-Sk.  In both cases the officers were not reprimanded, retrained, disciplined, or fired regarding their use of excessive force and City found the use of force to be within policy.

4.      At the May 29, 2020, peaceful protest on Spring Street at or around the area between 2nd Street and 3rd Street, LAPD officers used excessive and unreasonable force against PLAINTIFF causing him serious bodily injury.

5.      DEFENDANTS BRYAN HOEFLER, JESSE CORREA, SCOTT FORNACA, JONATHAN PEREZ and TONY CHANG caused PLAINTIFF'S injuries by firing "less-lethal" munitions at PLAINTIFF while PLAINTIFF was peacefully protesting, not an immediate risk to the safety of others, not resisting, not being violent or combative, and certainly not an immediate threat of death or serious bodily injury.

6.     The DEFENDANT OFFICERS did not provide PLAINTIFF with a warning that force would be used immediately prior to using force against him, and there were reasonable alternatives to the use of force.

7.     PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of DEFENDANTS BRYAN HOEFLER, JESSE CORREA, SCOTT FORNACA, JONATHAN PEREZ, TONY CHANG and DOES 1-10 inclusive, and the DEFENDANT CITY.  DEFENDANTS CITY, BRYAN HOEFLER, JESSE CORREA, SCOTT FORNACA, JONATHAN PEREZ, TONY CHANG and DOES 1-10, inclusive, are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983. DEFENDANT CITY is also vicariously liable for the acts and omissions of DEFENDANTS BRYAN HOEFLER, JESSE CORREA, SCOTT FORNACA, JONATHAN PEREZ, TONY CHANG, and DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§ 820 and 815(a).

8.     DOES 1-8, inclusive, ("DOE OFFICERS") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

9.     Defendants CITY OF LOS ANGELES and DOES 9-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

10.     PLAINTIFF seeks compensatory and punitive damages from DEFENDANTS BRYAN HOEFLER, JESSE CORREA, SCOTT FORNACA, JONATHAN PEREZ, TONY CHANG, and DOES 1-10, inclusive, for violating various rights under the United States Constitution in connection with the use of excessive and unreasonable force.

/ / /

COMPLAINT FOR DAMAGES

## THE PARTIES

11.    At all relevant times, PLAINTIFF was an individual residing in Los Angeles County, California.

12.    At all relevant times, Defendant BRYAN HOEFLER ("HOEFLER") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.  At all relevant times, HOEFLER acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the Los Angeles Police Department ("LAPD"), and under the color of the statutes and regulations of the State of California.  At all relevant times, HOEFLER acted within the course and scope of his employment as a CITY police officer.  On information and belief, HOEFLER is and was at all relevant times a resident of this judicial district.

13.    At all relevant times, Defendant JESSE CORREA ("CORREA") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.  At all relevant times, CORREA acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the Los Angeles Police Department ("LAPD"), and under the color of the statutes and regulations of the State of California.  At all relevant times, CORREA acted within the course and scope of his employment as a CITY police officer.  On information and belief, CORREA is and was at all relevant times a resident of this judicial district.

14.    At all relevant times, Defendant SCOTT FORNACA ("FORNACA") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.  At all relevant times, FORNACA acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies,

5

customs, and usages of Defendant CITY, the Los Angeles Police Department ("LAPD"), and under the color of the statutes and regulations of the State of California.   At all relevant times, FORNACA acted within the course and scope of his employment as a CITY police officer.   On information and belief, FORNACA is and was at all relevant times a resident of this judicial district.

15.   At all relevant times, Defendant JONATHAN PEREZ ("PEREZ") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.   At all relevant times, PEREZ acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the Los Angeles Police Department ("LAPD"), and under the color of the statutes and regulations of the State of California.   At all relevant times, PEREZ acted within the course and scope of his employment as a CITY police officer.   On information and belief, PEREZ is and was at all relevant times a resident of this judicial district.

16.   At all relevant times, Defendant TONY CHANG ("CHANG") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.   At all relevant times, CHANG acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the Los Angeles Police Department ("LAPD"), and under the color of the statutes and regulations of the State of California.   At all relevant times, CHANG acted within the course and scope of his employment as a CITY police officer.   On information and belief, CHANG is and was at all relevant times a resident of this judicial district.

17.   DEFENDANT CITY OF LOS ANGELES ("CITY") is a political subdivision of the State of California that is within this judicial district.   CITY is responsible for the actions, omissions, policies, procedures, practices, and

customs of its various agents and agencies, including the CITY OF LOS ANGELES POLICE DEPARTMENT ("LAPD") and its agents and employees. At all relevant times, DEFENDANT CITY was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the CITY, LAPD, and its employees and agents complied with the laws of the United States and the State of California.   At all relevant times, CITY was the employer of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-10.

18.   DEFENDANTS DOES 1-8, inclusive, are officers for the LAPD. At all relevant times, these DEFENDANTS were acting under color of law within the course and scope of their duties as CITY LAPD officers and at other times they were working in their personal capacity as individuals outside the scope of their employment.  At all relevant times, DOES 1-8, inclusive, were acting with the complete authority and ratification of their principal, DEFENDANT CITY.

19.   Defendants DOES 9-10, inclusive, are managerial, supervisorial, or policymaking employees of the CITY who were acting under color of law within the course and scope of their duties as supervisorial officers for the LAPD.  DOES 9-10, inclusive, were acting with the complete authority of their principal, DEFENDANT CITY.

20.   PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed and believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

COMPLAINT FOR DAMAGES

21.    On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Los Angeles.

22.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

23.    PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all DEFENDANTS acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and the CITY.

24.    All DEFENDANTS who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the CITY and the LAPD.

## JURISDICTION AND VENUE

25.    The Court has jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

26.    This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

27.    Venue in this judicial district is proper pursuant to 28 U.S.C.

§ 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

28.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 27, inclusive, as if fully set forth herein.

29.   PLAINTIFF sustained injuries, including but not limited to pain and suffering when DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-10 inclusive, shot PLAINTIFF on information and belief, with a hard "less-lethal" munition, striking his leg and testicles.

30.   On May 29, 2020, PLAINTIFF, along with many other citizens of the City of Los Angeles, were peacefully protesting the use of excessive and unreasonable force by law enforcement officers against citizens of the City of Los Angeles as well as citizens of the United States of America, especially against minorities.

31.   PLAINTIFF gathered with like-minded individuals to not only peacefully protest, but as a white person under the belief that he would not be targeted by the police at the same rate as the minority peaceful protestors, PLAINTIFF sought to protect minority protestors from harm.

32.   At approximately 10:00 p.m., LAPD officers formed an assault line in front of the peaceful protestors at or around the intersection of Second and Spring Streets in Los Angeles, California.

33.   At all relevant times, PLAINTIFF was not resisting officers or threatening any person or officer.  PLAINTIFF was merely a participant in the peaceful protests that followed the death of George Floyd.  George Floyd was a black man who was handcuffed and died after he was pinned to the ground under the knee of a white Minneapolis police officer, which was captured on camera.  Hundreds of thousands of individuals took to the streets across the

COMPLAINT FOR DAMAGES

country in a display of unity against the unlawful and unconscionable acts of police brutality and excessive force, which disproportionately affect minority groups.

34.    At the time of their arrival at or near the intersection of Second and Spring Streets in downtown Los Angeles, the LAPD officers, including DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 began asking the peaceful protesters to back up, and the peaceful protestors complied with these requests.

35.    As DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 continued to press their assault line forward on Spring Street, it forced the peaceful protestors closer to the intersection of Spring Street and Third Street, and beyond.  Even though the peaceful protestors were complying with requests to back up, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 began firing "less-lethal" munitions indiscriminately and without justification at the peaceful protestors, many of whom had their hands up in surrender at the time.

36.    During the subject protest, LAPD officers fired the following: as many as thirty (30) .37mm rounds fired by DEFENDANT CHANG; six (6) bean bag shotgun rounds fired by DEFENDANT PEREZ; twenty-one (21) .40mm rounds fired by DEFENDANTS HOEFLER, CORREA, and FORNACA; and an additional 295 baton strikes were administered by LAPD officers against protestors of excessive force.

37.    On information and belief, during this time, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 also fired the same upon PLAINTIFF, without justification and striking his groin, causing PLAINTIFF serious bodily injury and to fall to the ground bleeding and in severe pain.

38.   PLAINTIFF was not threatening, resisting, or being violent or aggressive with any officers at the time he was struck.  PLAINTIFF was never throwing any items at any officers. Based on information and belief, no other person was throwing any items at officers around the time or immediately before PLAINTIFF was struck from any area around or behind PLAINTIFF.

39.   LAPD officers, including DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 did not provide PLAINTIFF with any medical care, nor did they call for such aid.

40.   PLAINTIFF was subjected to an unreasonable seizure of his person and unreasonable and excessive force, including deadly force, inflicted through the unreasonable and excessive deployment of the hard "less-lethal" projectiles and the failure and/or refusal to provide or summon medical aid, which caused PLAINTIFF to experience severe and debilitating injuries.

41.   From the first moment PLAINTIFF heard officers' commands for the protesters to back up, he complied and moved backward.

42.   As a result of the "less-lethal" projectile round impact, PLAINTIFF experienced serious bodily injury, including severe injuries to his leg and testicle, which resulted in severe pain, required emergency surgery, and caused permanent disfigurement.

43.   The use of force was excessive and objectively unreasonable under the circumstances, especially because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to anyone at the time of the deployment of the hard "less-lethal" projectiles.

44.   On or around July 29, 2020, PLAINTIFF filed a comprehensive and timely claim for damages with the City of Los Angeles pursuant to applicable sections of the California Government Code.

45.   On September 28, 2020, the CITY rejected PLAINTIFF'S claims.

46.   PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

### First Amendment – Freedom of Speech, Freedom of Assembly, Retaliation (42 U.S.C. § 1983)

(By PLAINTIFF against DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8, inclusive)

47.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.   The First Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to have freedom of speech, assembly, and the right to petition the Government, and protects against retaliation when a person is engaged in these constitutionally protected activities.

49.   DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 were acting under color of state law and within the course and scope of their employment as law enforcement officers for the CITY.

50.   Under the First Amendment of the United States Constitution, PLAINTIFF had the right to peaceably assemble, speak, and petition the Government regarding the CITY'S use of excessive and unreasonable force.

51.   Given the historical importance of peaceful public protests, the First Amendment singles out this particular form of expressive conduct for explicit    constitutional    protection.        The    DEFENDANTS    violated

PLAINTIFF'S rights by preventing his exercise of his First Amendment rights through the use of excessive and unreasonable force, and without appropriate accommodation, during a peaceful protest.

52.     At the time of the incident, PLAINTIFF was engaged in the exercise of his constitutional rights to assemble, petition, and speak on matters such as police brutality and the use of excessive force by law enforcement, especially as applied to minorities.

53.     DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 deprived PLAINTIFF of exercising his constitutional rights to peaceably assemble, speak, and petition under the First Amendment to the Constitution when PLAINTIFF was met during a peaceful protest by an assault line of police officers that advanced and fired upon him even though he was not resisting and was not a threat of harm to any person or officer. PLAINTIFF suffered serious injury, which resulted in severe pain, an emergency surgery, and permanent disfigurement.

54.     The actions of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 against PLAINTIFF would have a chilling effect on a person of ordinary sensibilities from continuing to engage in the protected activities of peacefully assembling, petitioning, and speaking because of the threat of serious bodily injury, pain, impairment, and disfigurement if a person were to exercise their rights.

55.     DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES -8 caused various injuries as mentioned herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to peacefully assemble, speak, and petition against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the

United States Constitution, pursuant to the First Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

56.     As a direct result of the aforesaid acts and omissions of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, PLAINTIFF suffered great physical and mental injury, as well as fear and emotional distress related to his physical injuries from the incident.

57.     The conduct of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

58.     PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF against DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive)

59.     PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 58, inclusive, as if fully set forth herein.

60.     The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

61. When DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, arrived at the intersection of Second and Spring Streets in downtown Los Angeles, PLAINTIFF was not threatening any person at the time, and PLAINTIFF never verbally threatened any person, including DEFENDANTS.   Plaintiff was participating in a peaceful protest in the wake of the death of George Floyd.

62. PLAINTIFF never threatened anyone, made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 that PLAINTIFF was attempting, willing, or intending to inflict harm to anyone at the time of or immediately prior to their use of force against him.  PLAINTIFF followed commands by DEFENDANT DOES 1-8 for the protesters to back up, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 proceeded to push protestors back with their assault line by several blocks. DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 began firing "less-lethal" projectiles, without justification, on the peaceful protestors, including PLAINTIFF. DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 aimed and fired said rounds at PLAINTIFF, striking him with a "less-lethal" projectile, which was a show of force sufficient to effectuate a seizure of PLAINTIFF.

63. Throughout the incident, PLAINTIFF presented no immediate threat to the safety of the officers or others, including not an immediate threat of death or serious bodily injury to any officer or other person.

64. DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 caused various injuries as mentioned herein by integrally participating or failing to intervene in the incident, and by engaging

in other acts and/or omissions around the time of the incident. DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

65.   As a direct result of the aforesaid acts and omissions of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, PLAINTIFF suffered great physical and mental injury, as well as fear and emotional distress related to his physical injuries.

66.   The conduct of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

67.   DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 were acting under color of state law and within the course and scope of their employment as law enforcement officers for the CITY.

68.   PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

(By PLAINTIFF against DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive)

69.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 68 of the Complaint with the same force and effect as if fully set forth herein.

70.    After being struck with the "less-lethal" projectile, PLAINTIFF was immobile, bleeding, and in obvious and critical need of emergency medical care and treatment.   DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 did not timely summon medical care or permit medical personnel to treat PLAINTIFF.  The delay of medical care to PLAINTIFF caused PLAINTIFF extreme physical and emotional pain and suffering and was a contributing cause and extent of PLAINTIFF'S injuries.

71.    The denial of medical care by the DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

72.    As a result of the foregoing, PLAINTIFF suffered great physical pain, mental anguish, emotional distress, loss of quality of life, embarrassment, impairment, disfigurement, and loss of earning capacity.

73.    DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing

PLAINTIFF great bodily harm, physical pain, mental anguish, emotional distress, impairment, disfigurement, and loss of quality of life.

74.   PLAINTIFF, after falling to the ground, was unable to walk and bleeding and had to be assisted away by two other peaceful protestors, and then PLAINTIFF had to wait for DEFENDANT OFFICERS to pass so that he could get to his car to drive himself home to get assistance getting to the hospital.   Upon arrival at the hospital, PLAINTIFF was treated and had to undergo emergency surgery.

75.   The   conduct   of   DEFENDANTS   HOEFLER,   CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8.

76.   As a result of their misconduct, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 are liable for PLAINTIFF'S injuries, either because they were integral participants in the excessive use of force and denial of medical care, or because they were integral participants and/or failed to intervene to prevent these violations.

77.   PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against CITY; and DOES 9-10, inclusive)

78.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 77, inclusive, as if fully set forth herein.

79.   DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, acted under color of state law.

80.   DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the DEFENDANT CITY, and DOES 9-10, inclusive.

81.   On information and belief, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the deprivation of PLAINTIFF'S rights.

82.   DEFENDANTS CITY, and DOES 9-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   The CITY has failed to train its officers in the constitutional responses to peaceful demonstrations.

(b)   Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose a risk of imminent death or serious bodily injury to others.

(c)   Providing inadequate training regarding the use of force, including the use of "less-lethal" projectiles, and deadly force.

(d)   Employing and retaining as police officers, individuals such as DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ,

19

CHANG, and DOES 1-8, inclusive, who DEFENDANT CITY, and DOES 8-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(e)  Inadequately supervising, training, controlling, assigning, and disciplining CITY law enforcement officers, and other personnel, including DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(f)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by law enforcement officers of the CITY.

(g)  Failing to adequately discipline CITY law enforcement officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

83.  By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

84.   DEFENDANTS CITY and DOES 9-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.   Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.   Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

85.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S constitutional rights.   Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS CITY and DOES 9-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

86.   The acts of each of DEFENDANTS DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrant imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

87.   Based on information and belief, the following are examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior, fails to train its officers, and maintains a practice of allowing such behavior:

(a)   In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx), a unanimous jury returned a verdict for Mr. Contreras after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

(b)   In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, a unanimous jury returned a verdict for plaintiffs after finding that the involved LAPD officers' use of deadly force was excessive and unreasonable.

(c)   In *Herrera, et al. v. City of Los Angeles, et al*., case number 16-cv-02719-DSF (SHx), a unanimous jury returned a verdict for plaintiffs where a LAPD officer used excessive force.

(d)   In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers, and found that the involved officers' use of deadly force was excessive and unreasonable.

(e)   In *Hernandez, et al. v. City of Los Angeles*, et al., case number 2:16-cv-02689, a unanimous jury found that two LAPD officers used excessive unreasonable force and restraint against Alex Jimenez, who was unarmed.

(f)   In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-PSG, a unanimous jury found that officers used excessive and unreasonable force against Cesar Frias, including the use of tasers and bean bag shotguns.

(g)   In *Navas, et al. v. City of Los Angeles, et al.*, case number CV15-09515 SVW(JCx), the City determined that the LAPD officer's use of deadly force against Sergio Navas was excessive and unreasonable and outside City policy.

COMPLAINT FOR DAMAGES

(h)     In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM (Ex), plaintiff alleged that the involved LAPD officers used excessive and unreasonable force when they kept Mr. Medina (the decedent) down in a prone position while he was handcuffed and hobbled and placed weight on his back and pressure on his neck for an extended period of time.  The medical examiner in that case confirmed that Mr. Medina died as a result of restraint asphyxia.  A unanimous jury returned a verdict in plaintiff's favor, finding that the use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of force, and the CITY found that the officer's conduct was justified and did not violate any CITY policy.

(i)     In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez), who was shot and killed by LAPD Rampart officers, alleged that the force used by the officers was excessive and unreasonable.  Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

(j)     Around the same time as the incident complained of herein, numerous other individuals were injured due to rubber bullet rounds fired by LAPD officers at peaceful protests.  Specifically, the following demonstrate at least two other individuals with injuries of a similar manner as described in the instant action, which demonstrates a pattern and practice of deliberately aiming, and intending to injure male peaceful protestors in a similar fashion:

(i)     Ben Montemayor, was a 28-year-old male who attended a peaceful protest in or about June of 2020, after the death of George

23

Floyd and to protest police brutality.  LAPD officers reportedly approached Mr. Montemayor, shoved him, and then shot him at close range with a "riot gun round" in the groin area while Mr. Montemayor's hands were in the air.  The round caused serious injury.  Mr. Montemayor was rushed to a local emergency room where he had to have emergency surgery to prevent the loss of his right testicle.

(ii)   Bradley Stein, on or about May 30, 2020, attended a peaceful protest after the death of George Floyd in Los Angeles' Fairfax district where he was shot by LAPD officers with rubber bullet rounds in both the groin and leg area.  The round to the groin area ruptured one of Mr. Stein's testicles, required emergency surgery, and caused permanent disfigurement.

(k)   The DEFENDANT CITY'S failure to discipline, reprimand, retrain, suspend, or otherwise penalize officers for violations of constitutional rights, including failing to require adequate documentation to investigate, failing to investigate, routinely ratifying such behavior, and failing to train its officers, and a longstanding custom or practice of doing so is further supported by the DEFENDANT CITY'S Independent Review of the protest incidents and the LAPD's After Action Report of the protest incidents.

88.   Accordingly, DEFENDANTS CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

89.   PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity

under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(By PLAINTIFF against CITY and DOES 9-10, inclusive)

90.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91.     DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, acted under color of law.

92.     The acts of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

93.     On information and belief, DEFENDANT CITY failed to properly and adequately train DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, including but not limited to, with regard to the constitutional response to peaceful demonstrations and the use of physical force, less than lethal force, and lethal force.

94.     The training policies of DEFENDANT CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and both the use of less than lethal and lethal force.

95.     The training that the CITY's law enforcement officers, including DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, should have received with regards to the constitutional responses to peaceful demonstrations, the use of "less-lethal" projectiles against an unarmed non-aggressive or resistive citizen, and failure to summon any

medical care after striking individuals with a "less-lethal" projectile and causing serious injuries, includes training that officers should not deploy the hard rubber baton projectiles on an unarmed subject who posed no threat of harm to officers or anyone else.

96.  DEFENDANT CITY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

97.  The failure of DEFENDANT CITY and DOES 9-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by DEFENDANTS DOES 1-8, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

98.  The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that DEFENDANT CITY failed to adequately train its officers, more specifically the failure to train with regard to the use of force:

(a)  In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx), a unanimous returned a verdict for Mr. Contreras after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

(b)  In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, a unanimous jury returned a verdict for plaintiffs after finding that the involved LAPD officers' use of deadly force was excessive and unreasonable.

(c)  In *Herrera, et al. v. City of Los Angeles, et al.*, case number 16-cv-02719-DSF (SHx), a unanimous jury returned a verdict for plaintiffs

26

after finding that the involved LAPD officer used excessive force against Ruben Herrera when he shot him.

(d)  In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers, and found that the involved officers' use of deadly force was excessive and unreasonable.

(e)  In *Hernandez, et al. v. City of Los Angeles*, et al., case number 2:16-cv-02689, a unanimous jury found that two LAPD officers used excessive unreasonable force and restraint against Alex Jimenez, who was unarmed.

(f)  In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-PSG, a unanimous jury found that certain officers used excessive and unreasonable force against Cesar Frias, including for the use of "less-lethal" weapons.

(g)  In *Navas, et al. v. City of Los Angeles, et al.*, case number CV15-09515 SVW(JCx), the City determined that the LAPD officer's use of deadly force against Sergio Navas was excessive and unreasonable and outside City policy.

(h)  In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM (Ex), Plaintiff alleged that the involved LAPD officers used excessive and unreasonable force when they kept Mr. Medina (the decedent) down in a prone position while he was handcuffed and hobbled and placed weight on his back and pressure on his neck for an extended period of time.  The medical examiner in that case confirmed that Mr. Medina died as a result of restraint asphyxia.  A unanimous jury returned a verdict in Plaintiff's favor, finding that the use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of force,

and the CITY found that the officer's conduct was justified and did not violate any CITY policy.

(i)     In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez), who was shot and killed by LAPD Rampart officers, alleged that the force used by the officers was excessive and unreasonable.  Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

(j)     Around the same time as the incident complained of herein, numerous other individuals were injured due to rubber bullet rounds, fired by LAPD officers at peaceful protests.  Specifically, the following demonstrate at least two individuals with injuries of a similar manner as described in the instant action, which tend to show a pattern and practice of the LAPD to deliberately aim at, and intending to injure male peaceful protestors in a similar fashion:

(i)     Ben Montemayor, was a 28-year-old male who attended a peaceful protest in or about June of 2020, after the death of George Floyd and to protest police brutality.  LAPD officers reportedly approached Mr. Montemayor, shoved him, and then shot him at close range with a "riot gun round" in the groin area while Mr. Montemayor's hands were in the air.  The round caused serious injury.  Mr. Montemayor was rushed to a local emergency room where he had to have emergency surgery to prevent the loss of his right testicle.

(ii)     Bradley Stein, on or about May 30, 2020, attended a peaceful protest after the death of George Floyd in Los Angeles'

28

Fairfax district where he was shot by LAPD officers with rubber bullet rounds in both the groin and leg area.  The round to the groin area ruptured one of Mr. Stein's testicles, required emergency surgery, and caused permanent disfigurement.

(k)     The DEFENDANT CITY'S failure to discipline, reprimand, retrain, suspend, or otherwise penalize officers for violations of constitutional rights, including failing to require adequate documentation to investigate, failing to investigate, routinely ratifying such behavior, and failing to train its officers, and a longstanding custom or practice of doing so is further supported by the DEFENDANT CITY'S Independent Review of the protest incidents and the LAPD's After Action Report of the protest incidents.

99.     Accordingly, DEFENDANT CITY and DOES 9-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

100.    PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By PLAINTIFF against CITY and DOES 9-10, inclusive)

101.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

102. DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, acted under color of law.

103. The acts of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

104. Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying the unconstitutional response to peaceful protest and unreasonable uses of force, including deadly force.

105. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8's, acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8's, acts.

106. On information and belief, CITY final policymakers, including DOES 9-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF complied with officers' commands at the first moment he heard them.

107. On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to prevent the individual's escape. The officers' actions deviated from these official policies because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone else.

108.   Upon information and belief, a final policymaker has determined that the acts of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 were "within policy."

109.   The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that DEFENDANT CITY routinely ratifies such behavior:

(a)   In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx), a unanimous jury returned a verdict for Mr. Contreras after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

(b)   In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, a unanimous jury returned a verdict for plaintiffs after finding that the involved LAPD officers' use of deadly force was excessive and unreasonable.

(c)   In *Herrera, et al. v. City of Los Angeles, et al*., case number 16-cv-02719-DSF (SHx), a unanimous jury returned a verdict for plaintiffs after finding that the involved LAPD officer used excessive force against Ruben Herrera when he shot him.

(d)   In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers, and found that the involved officers' use of deadly force was excessive and unreasonable.

(e)   In *Hernandez, et al. v. City of Los Angeles*, et al., case number 2:16-cv-02689, a unanimous jury found that two LAPD officers used

excessive unreasonable force and restraint against Alex Jimenez, who was unarmed.

(f)     In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-PSG, a unanimous jury found that certain officers used excessive and unreasonable force against Cesar Frias, including for the use of "less-lethal" weapons.

(g)     In *Navas, et al. v. City of Los Angeles, et al.*, case number CV15-09515 SVW(JCx), the City determined that the LAPD officer's use of deadly force against Sergio Navas was excessive and unreasonable and outside City policy.

(h)     In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM (Ex), Plaintiff alleged that the involved LAPD officers used excessive and unreasonable force when they kept Mr. Medina (the decedent) down in a prone position while he was handcuffed and hobbled and placed weight on his back and pressure on his neck for an extended period of time.  The medical examiner in that case confirmed that Mr. Medina died as a result of restraint asphyxia.  A unanimous jury returned a verdict in Plaintiff's favor, finding that the use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of force, and the CITY found that the officer's conduct was justified and did not violate any CITY policy.

(i)     In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez), who was shot and killed by LAPD Rampart officers, alleged that the force used by the officers was excessive and unreasonable.  Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly

force, and the CITY found that the shooting was justified and did not violate any CITY policy.

(j)     Around the same time as the incident complained of herein, numerous other individuals were injured due to rubber bullet rounds, fired by LAPD officers at peaceful protests.  Specifically, the following demonstrate at least two individuals with injuries of a similar manner as described in the instant action, which tend to show a pattern and practice of the LAPD to deliberately aim at, and intending to injure male peaceful protestors in a similar fashion:

(i)     Ben Montemayor was a 28-year-old male who attended a peaceful protest in or about June of 2020, after the death of George Floyd and to protest police brutality.  LAPD officers reportedly approached Mr. Montemayor, shoved him, and then shot him at close range with a "riot gun round" in the groin area while Mr. Montemayor's hands were in the air.  The round caused serious injury.  Mr. Montemayor was rushed to a local emergency room where he had to have emergency surgery to prevent the loss of his right testicle.

(ii)     Bradley Stein, on or about May 30, 2020, attended a peaceful protest after the death of George Floyd in Los Angeles' Fairfax district where he was shot by LAPD officers with rubber bullet rounds in both the groin and leg area.  The round to the groin area ruptured one of Mr. Stein's testicles, required emergency surgery, and caused permanent disfigurement.

(k)     The DEFENDANT CITY'S failure to discipline, reprimand, retrain, suspend, or otherwise penalize officers for violations of constitutional rights, including failing to require adequate documentation to investigate, failing to investigate, routinely ratifying such behavior, and

33

failing to train its officers, and a longstanding custom or practice of doing so is further supported by the DEFENDANT CITY'S Independent Review of the protest incidents and the LAPD's After Action Report of the protest incidents.

110. By reason of the aforementioned acts and omissions, DEFENDANTS CITY and DOES 9-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

111. PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim. PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF Against DEFENDANTS CITY and DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8)

112. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

113. At all relevant times, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 were working as police officers for the LAPD and was acting within the course and scope of their duties as police officers for the CITY.

114. After DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 arrived at or about the intersection of Second and Spring streets in Los Angeles, California and formed an assault line in

34

front of peaceful protestors, they began to advance their line and request the protestors back up.   PLAINTIFF complied with these orders, yet DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 drew their weapons and began firing "less-lethal" projectiles into the crowd of protestors, including PLAINTIFF.  This included pointing and firing a "less-lethal" projectile at PLAINTIFF, even though PLAINTIFF was complying with orders and PLAINTIFF did not pose a threat of harm to officers or any other person.

115.  PLAINTIFF was hit with the projectile, causing serious bodily injury, and causing him to fall to the ground bleeding, and in severe pain.  The use of force was excessive and objectively unreasonable and contrary to basic police officer training, including because PLAINTIFF had not committed any crime, PLAINTIFF posed no immediate threat of death or serious bodily injury to any person, and where PLAINTIFF was complying with orders from officers.  At no time was PLAINTIFF armed with a knife or gun.

116.  As a direct and proximate result of the conduct of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 as alleged above, PLAINTIFF suffered serious and permanent physical injuries, including permanent disfigurement as a result of being hit with the projectile.

117. DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 had no legal justification for using force against PLAINTIFF, and said DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S  use of force while carrying out their duties as police officers was an unreasonable use of force, particularly because PLAINTIFF did not pose an immediate threat to the life of any individual, including any officer, at the time of the shooting of the "less-lethal" projectiles, PLAINTIFF was not armed with a knife or gun at any relevant time, and because PLAINTIFF was complying with DEFENDANTS

HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S orders for the protesters to back up as DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 advanced their assault line.

118. The CITY is vicariously liable for the wrongful acts of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG and DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

119. The conduct of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages, which PLAINTIFF seeks under this claim.

120. PLAINTIFF seeks compensatory damages for the violations of his rights, including for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.

## **EIGHTH CLAIM FOR RELIEF**

### **Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

121. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 120 of this Complaint with the same force and effect as if fully set forth herein.

122.   The actions and inactions of Defendants were negligent and reckless, including but not limited to:

a)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to constitutionally respond to PLAINTIFF'S peaceful protest.

b)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to properly and adequately assess the need to use force against PLAINTIFF.

c)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S negligent tactics and handling of the situation with PLAINTIFF, including the failure to give PLAINTIFF a warning prior to force being used.

d)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S negligent use of force against PLAINTIFF.

e)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to provide prompt medical care to PLAINTIFF.

f)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to perform proper crowd management tactics, techniques and procedures.

g)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to perform proper crowd control tactics, techniques and procedures.

h)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to properly utilize body-worn cameras.

i)      DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S failure to properly document their use of force.

COMPLAINT FOR DAMAGES

j)      The failure to properly train, investigate, discipline, and supervise employees, including DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8.

k)      The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF.

123.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered past and future financial loss, serious and permanent physical injuries, impairment, disfigurement, past and future emotional and mental distress, and past and future medical expenses.

124.   The CITY is vicariously liable for the wrongful acts of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 5-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

125.   PLAINTIFF seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

/ / /

**NINTH claim for relief**

**Violation of the Bane Act (Cal. Civil Code § 52.1)**

(By PLAINTIFF against all DEFENDANTS)

126.   PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 125 of this Complaint with the same force and effect as if fully set forth herein.

127.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

128.  DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8, while working for the CITY and acting within the course and scope of their duties as police officers, intentionally committed, and attempted to commit acts of violence against PLAINTIFF, including by shooting him with a "less-lethal" projectile without justification or excuse, and by denying him timely medical care.  After DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 shot PLAINTIFF and as PLAINTIFF lay bleeding on the ground, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 proceeded to push their assault line forward on the protestors and did not offer to render any sort of medical aid, nor did they call for any such aid for PLAINTIFF.

129.  When DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 shot PLAINTIFF with the "less-lethal" projectile, suppressing his freedom of speech and assembly, and failed to provide him with medical care, they interfered with PLAINTIFF'S constitutional rights to be free from unreasonable searches and seizures, to

equal protection of the laws, to timely and adequate medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

130. On information and belief, DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy. DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 intentionally interfered with the above constitutional rights of PLAINTIFF, and as alleged herein, which can be demonstrated by DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8'S reckless disregard for PLAINTIFF'S constitutional rights.

131. On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

132. The conduct of DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8 was a substantial factor in causing PLAINTIFF'S harms, losses, injuries, and damages.

133. The CITY is vicariously liable for the wrongful acts of DEFENDANT DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

134. DEFENDANT DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

135.   DEFENDANT DOES 1-8'S conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to DEFENDANTS HOEFLER, CORREA, FORNACA, PEREZ, CHANG, and DOES 1-8.

136.   PLAINTIFF seeks compensatory damages for the violations of his rights, including for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.   PLAINTIFF also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 *et seq*. as to this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, DAVID BOND, requests entry of judgment in his favor against CITY OF LOS ANGELES, BRYAN HOEFLER, JESSE CORREA, SCOTT FORNACA, JONATHAN PEREZ, TONY CHANG, and DOES 5-10, inclusive, as follows:

1.  For compensatory damages, according to proof at trial, under federal and State law.

2.  For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

3.  For statutory damages.

4.  For reasonable attorneys' fees including litigation expenses.

5.  For costs of suit and interest incurred herein.

6.  For such other and further relief as the Court may deem just and proper.


DATED: January 5, 2022          **LAW OFFICES OF DALE K. GALIPO**

                                By:    _/s/_    _Dale K. Galipo_
                                       Dale K. Galipo, Esq.
                                       Marcel F. Sincich, Esq.
                                       *Attorneys for Plaintiff*

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby submits this demand that this action be tried in front of

3  a jury.

4

5  DATED: January 5, 2022      **LAW OFFICES OF DALE K. GALIPO**

6

7                              By:      */s/      Dale K. Galipo*

8                                    Dale K. Galipo, Esq.
                                     Marcel F. Sincich, Esq.
9                                    *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28